IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LISA JULIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ADVANCED EQUITIES, INC., | ) | No. 13 C 9075 |
| ADVANCED EQUITIES FINANCIAL | ) | |
| CORPORATION, JEFFERY ALAN | ) | |
| BINKERT, and DOES 1-15, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

On December 19, 2013, plaintiff Lisa Julin ("Julin") filed a form "Complaint for Employment Discrimination" against her former employer, Advanced Equities, Inc. ("AEI"), and its parent company, Advanced Equities Financial Corporation ("AEFC"), alleging that AEI and AEFC discriminated against her on the basis of her sex in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* (Dkt. No. 1.) On April 30, 2014, AEI and AEFC moved to dismiss Julin's complaint pursuant to Federal Rules Civil Procedure 12(b)(5) and 12(b)(6), arguing in part that Julin had served the wrong person. (Dkt. No. 10.) Julin appeared *pro se* at the hearing on defendants' motion but told the court she was in the process of retaining counsel. (Dkt. No. 13.) Based on that representation, the court did not set a briefing schedule and allowed Julin until June 6, 2014 to find an attorney. (*Id.*)

On the June 6 deadline, rather than obtaining counsel, Julin filed a motion requesting a court-appointed attorney even though she had not sought—and did not seek—*in forma pauperis*

status. (Dkt. No. 14.) The court denied Julin's request (Dkt. No. 15) and ordered her to respond to defendants' motion to dismiss by July 15, 2014 (Dkt. No. 16). On July 15, an attorney filed an appearance on Julin's behalf and sought an extension, which the court granted. (Dkt. Nos. 17, 18, 20.) Julin, through her counsel, filed her response on July 22, 2014. (Dkt. No. 21.) AEI and AEFC replied on August 5, 2014. (Dkt. No. 22.) On August 6, however, Julin sought leave to amend her complaint, partly to "cure[ ] defects pointed to in [AEI and AEFC's] pending [m]otion to [d]ismiss." (Dkt. No. 23 at 2.) The court again obliged, granted Julin's motion, and mooted the pending motion to dismiss. (Dkt. No. 25.)

Julin's first amended complaint ("Amended Complaint") (Dkt. No. 26 ("Am. Compl.")) named additional defendants, Jeffery Alan Binkert and Does 1-15, and broadened the Title VII claim from Julin's form complaint into 15 "causes of action": (1) fraud in the inducement; (2) breach of contract – written, oral and implied; (3) intentional interference with contractual rights; (4) interference with prospective economic advantage; (5) violation of the Illinois Wage Payment & Collection Act; (6) conversion; (7) unjust enrichment; (8) accounting; (9) sex discrimination; (10) violation of the Fair Labor Standards Act and Title VII; (11) sexual harassment; (12) defamation *per se*; (13) retaliatory discharge; (14) failure to supervise; (15) respondeat superior.[1]

AEI and AEFC have again moved to dismiss Julin's claims against them pursuant to Rule 12(b)(5) and 12(b)(6). (Dkt. No. 34.) On October 30, 2014, the date Julin's response was due, Julin filed a motion for leave to file an oversized brief and attached as an exhibit her proposed response to defendants' motion to dismiss. (Dkt. Nos. 36, 36-1.) The court granted Julin's motion, (Dkt. No. 38), but Julin has failed to file her response as a separate docket entry as of the date of this Memorandum Opinion and Order. AEI and AEFC need not reply. For the reasons

---

[1] The court's numerals match Julin's numbering of her claims. Julin names AEI and AEFC as defendants in every count except Counts 3 and 4.

explained below, AEI and AEFC's motion to dismiss (Dkt. No. 34) is granted.

## RELEVANT FACTUAL BACKGROUND[2]

This matter arises out of Julin's employment and eventual termination by AEI. AEI is a venture capital firm specializing in late-stage private equity placements with a focus on the technology sector. (Am. Compl. ¶ 13.) AEI is a wholly-owned subsidiary of AEFC, which is a "diversified financial services organization," specializing in private equity placements for emerging companies in the technology, health care, and biotech fields. (*Id.* ¶ 12.) According to Julin's Amended Complaint, AEFC functions primarily as a holding company for a number of subsidiaries, one of which is AEI. (*Id.* ¶ 8a.)

In early 2009, Julin accepted an offer of employment from AEI, entered into a written employment agreement with AEI, and began working as an investment advisor in AEI's Chicago, Illinois office. (*Id.* ¶ 19.) By April 2012, the relationship had soured because of disputes concerning Julin's compensation and a pattern of "discriminatory and unethical conduct" towards her because of her sex. (*Id.* ¶¶ 22-51.)

Many of Julin's allegations concern her treatment by defendant Jeffrey Binkert ("Binkert"), who ran Julin's "team" within AEI. (*Id.*) Julin complained about Binkert's conduct to both Dwight Badger ("Badger"), AEI's chief executive officer, and Byron Crowe ("Crowe"), AEI's president, but she received no relief. (*Id.* ¶ 51.) Instead, Binkert retaliated against Julin for reporting his harassing and discriminatory conduct by disparaging her performance to AEI's human resources department and contacting Julin's clients to disparage her performance at AEI. (*Id.* ¶¶ 68-75.)

---

[2] The court has based this section on the allegations of Julin's Amended Complaint and accepted those allegations as true for the purposes of ruling on AEI and AEFC's pending motion.

On November 15, 2012, AEI terminated Julin's employment as part of a larger layoff, although Julin was the only "top 10 adviser" who lost her job. (*Id.* ¶¶ 80-81.) On July 11, 2013, Julin filed a charge of discrimination against AEI with the EEOC and received a "right to sue" letter on September 20, 2013. (*Id.* ¶¶ 84-85.) On December 19, 2013, exactly 90 days after receiving her right to sue letter, Julin filed this lawsuit. (Dkt. No. 1.)

On April 9, 2014, Julin successfully had her summons and complaint served on AEFC's registered agent, Mitchell D. Goldsmith. (Dkt. No. 7.) On April 11, 2014, Julin also had AEI's former President, Byron Crowe, served at his home in Downers Grove, Illinois. (Dkt. No. 7-1.) Julin's process server described Crowe as AEI's "President and Authorized Person," but that description is inconsistent with the server's own affidavit, which states:

> A male identified himself as Byron Crowe, but stated that he was no longer affiliated with the subject corporation and therefore would not accept the documents. I told him that his name and address were on the documents and that if he did not accept, that I would have to leave them anyway. Byron still would not accept, so I placed the documents on floor of the inside of the residence and told him that he was served.

(Dkt. No. 7-1 at 1.) Crowe has since filed an affidavit confirming the accuracy of his comments to Julin's process server. (Dkt. No. 36-1.) Although Crowe was formerly the President of AEI from October 2012 to December 2013, he has not been employed by AEI in any capacity since December 18, 2013. (*Id.* ¶ 2-3.)

According to the record before the court, Julin has not made any further attempts to effectuate service upon AEI, Jeffery Binkert, or the unnamed "Does" who allegedly contributed to her harassment and discrimination.

ANALYSIS

AEI and AEFC have both moved to dismiss Julin's Amended Complaint. AEFC argues that Julin's various claims against it must be dismissed pursuant to Rule 12(b)(6). AEI asserts that Julin's failure to complete proper service requires dismissal pursuant to Rule 12(b)(5).

I. AEFC

AEFC argues that Julin's 13 claims against AEFC, all of which arise out of her employment with AEI, must be dismissed under Rule 12(b)(6) because Julin does not allege that she was every employed by AEFC, nor does she allege that AEFC forfeited its limited liability with respect to its subsidiary.

Under the Federal Rules of Civil Procedure, a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley* v. *Gibson*, 355 U.S. 41, 47 (1957)). Although "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. The complaint must "include sufficient facts 'to state a claim for relief that is plausible on its face.'" *Cole* v. *Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011) (quoting *Justice* v. *Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a Rule 12(b)(6) motion, the court "construe[s] the . . . [c]omplaint in the light most favorable to Plaintiff, accepting as true all well-pleaded facts and drawing all possible inferences in his favor." *Cole*, 634 F.3d at 903.

Here, Julin concedes that all of her claims against AEFC require either the existence of an employment relationship between Julin and AEFC or AEFC's forfeiture of limited liability with respect to its subsidiary and Julin's "named" employer, AEI. (Dkt. No. 36-1 at 7-10.) *See also Knight* v. *United Farm Bureau Mut. Ins. Co.*, 950 F.2d 377, 380 (7th Cir. 1991) ("[Plaintiff] must prove the existence of an employment relationship in order to maintain a Title VII action against [defendant]."). The court finds that Julin has not alleged facts sufficient to establish either condition.

Julin first asserts that AEFC was her "ultimate employer" and that AEI was merely its agent. (Dkt. No. 36-1 at 8.) This conclusory statement runs counter to the allegations in the Amended Complaint. Julin's Amended Complaint states that she accepted an offer of employment from AEI, received her compensation from AEI, complained of her harassment and discrimination to the principals of AEI, and was laid off by AEI. Julin makes no mention of any contact, let alone an employment relationship, with AEFC. The only fact Julin points to in support of her position is a provision in her employment agreement with AEI—a document Julin oddly contends is inadmissible on a motion to dismiss—stating that she agreed to abide by the policies and procedures of both AEI and its parent company, AEFC. (Dkt. No. 35-3 at 6.) The single mention of AEFC on the sixth page of an employment agreement between Julin and AEI is not enough to overcome what Julin unambiguously alleged in her Amended Complaint: her employer was AEI, not AEFC.

Julin alternatively argues that AEFC, although not her employer, may still liable for the acts of AEI under a "single employer" theory. Although a parent or holding company is generally not liable for the acts of its subsidiaries, a company may forfeit its limited liability in the following circumstances: (1) when the traditional conditions for "piercing the corporate veil"

are present; (2) by taking actions for the express purpose of avoiding liability under discrimination laws; or (3) by directing the discriminatory act, practice, or policy of which the employee complains. *See Worth* v. *Tyer*, 276 F.3d 249, 259-60 (7th Cir. 2001). The most common method is through piercing the corporate veil, which is what Julin asks the court to do here. *Id.*

In order to pierce the corporate veil between AEFC and AEI, Julin must show (1) "such unity of interest and ownership [between AEFC and AEI] that the separate personalities no longer exist," and (2) "circumstances . . . such that adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice."[3] *Worth*, 276 F.3d at 260. Julin has not pled sufficient facts to meet either requirement. Julin first contends that "all AEFC does" is control AEI and concludes "[t]herefore, AEFC and AEI are essentially the same entity as every action of AEI is and [sic] action of AEFC." (Dkt. No. 36-1 at 9.) Her argument is (a) belied by the allegations in her Amended Complaint, wherein she claims that AEFC acts as the holding company for a number of different subsidiaries, and (b) insufficient to state a claim for parent company liability. *See Bright* v. *Roadway Servs.*, 846 F. Supp. 693, 700 (N.D. Ill. 1994) (Alesia, J.) (holding conclusory allegation that parent company "owns and controls" subsidiary was insufficient to state a claim against the parent company). The only fact supporting parent company liability alleged in Julin's Amended Complaint is Julin's allegation that certain past

---

[3] Both parties cite only federal cases applying Illinois law, presumably because they believe Illinois law governs any attempt to pierce the corporate veil of AEFC. Under both federal and Illinois law, however, the law of the state of incorporation governs any attempt to pierce the corporate veil. *See Judson Atkinson Candies, Inc.* v. *Latini–Hohberger Dhimantec*, 529 F.3d 371, 378 (7th Cir. 2008). Because the court lacks information concerning AEFC's state of incorporation, and because neither party raised the choice of law issue, the court also applies the substantive law of Illinois, the forum state. *See Camp* v. *TNT Logistics Corp.*, 553 F.3d 502, 505 (7th Cir. 2009) (applying law of the forum state when parties did not raise choice of law issue).

and present officers of AEI have also sat on AEFC's board of directors. (Am. Compl. ¶¶ 8a-f.) Such an arrangement is commonplace among parents and subsidiaries and, without more, is insufficient to pierce the veil. *See Hornsby* v. *Hornsy's Stores, Inc.*, 734 F. Supp. 302, 308 (N.D. Ill. 1990) (Aspen, J.) (holding mere sharing of directors is not grounds to pierce the corporate veil).

Julin similarly fails—and in fact makes no attempt—to meet the second prong of the piercing test, namely that a failure to pierce the veil would sanction a fraud or promote injustice. Julin's Amended Complaint provides no reasons why limiting her claims to AEI, her employer, would constitute a fraud or injustice. In her response to defendants' motion to dismiss, Julin simply concludes, without explanation, that ignoring the "pled unity . . . would be both [an] injustice and perpetuate fraud." (Dkt. No. 36-1 at 10.) The court speculates that Julin's basis for naming AEFC, and fighting to keep AEFC in the lawsuit, is her concern that AEI will not be able to pay her claim. But courts in this district have held that judgment recovery alone is not reason enough to pierce the veil. *See, e.g.*, *Sea-Land Servs., Inc.* v. *Pepper Source*, 941 F.2d 519, 524 (7th Cir. 1991) ("[T]he courts that properly have pierced corporate veils to avoid promoting injustice have found that, unless it did so, some wrong beyond a creditor's inability to collect would result."). Therefore, without additional facts, the court has no basis to conclude that any injustice would accrue from its failure to pierce the veil between AEFC and AEI.

Accordingly, because Julin has failed to allege sufficient facts that AEFC was her employer or that AEFC forfeited its limited liability with respect to the acts of AEI, Julin has failed to state a claim against AEFC, and AEFC's motion to dismiss pursuant to Rule 12(b)(6) must be granted.

II.  AEI

AEI, by contrast, argues that Julin's Amended Complaint must be dismissed pursuant to Rule 12(b)(5) for insufficient service of process. AEI made the same argument in its initial motion to dismiss—before the court granted Julin leave to file her Amended Complaint—and renews it here.

According to Rule 4(h), service upon a corporation within a United States judicial district may be effected pursuant to the law of the forum state, in this case Illinois, or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1). In Illinois, a corporation may be served:

> (1) by leaving a copy of the process with its registered agent or any officer or agent of the corporation found anywhere in the State; or (2) in any other manner now or hereafter permitted by law. A private corporation may also be notified by publication and mail in like manner and with like effect as individuals.

735 ILCS 5/2-204.

AEI contends that Julin's service of process was improper because she served Crowe, who was neither an agent nor an officer of AEI at the time of service. When a defendant challenges the sufficiency or service, the burden is on the plaintiff to make a prima facie showing that service was proper. *See, e.g.*, *Iosello* v. *Lexington Law Firm*, 2003 WL 21920237, *2 (N.D. Ill. Aug. 7, 2003) (Guzman, J.) (citations omitted). Julin first argues that she has made the requisite showing because "a prima facie showing is established by the affidavit of the process server stating that the named person was indeed served." (Dkt. No. 36-1 at 2.) This argument misses the mark. The question is not whether Julin's process server properly served Crowe, but whether Crowe was the proper person to serve. Julin eventually addresses AEI's contention that Crowe was not the right person, but argues that AEI carries the burden to "affirmatively prove[ ]

that Crowe is not a proper agent to the court's satisfaction." (*Id.* at 4.) Crowe's sworn, uncontested affidavit stating that he has not been employed by AEI since December 18, 2013 satisfies the court.[4] Because Julin has failed to satisfy "the plain legal requirement as the to the manner in which service of process may be had," *Mid-Continent Wood Prods., Inc.* v. *Harris*, 936 F.2d 297, 300 (7th Cir. 1991), AEI's Rule 12(b)(5) motion to dismiss for improper service is granted.

Julin, perhaps aware of her defective service, alternatively asks the court to exercise its discretion and extend the deadline by which she must serve AEI. (Dkt. No. 36-1 at 6.) Under Rule 4(m), if a plaintiff fails to serve a defendant within 120 days of filing her complaint, the court shall dismiss the complaint without prejudice or extend the time for service upon a showing of good cause. Even if "good cause does not exist, the court may, in its discretion, either dismiss the action without prejudice or direct that service be effected within a specified period of time." *Panaras* v. *Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 339 (7th Cir. 1997) (citations omitted). Here, the court is hard-pressed to identify good cause. Julin has been on notice of her flawed service since AEI filed its first motion to dismiss on April 30, 2014, (Dkt. No. 10), but has taken no steps to cure the defect. The same rules, however, impose on AEI an obligation to avoid unnecessary expenses in connection with service. Fed. R. Civ. P. 4(d). AEI's counsel has regularly appeared before this court and filed motions in this case, but Julin apparently remains without knowledge of the identity of AEI's authorized agent. The court encourages Julin to request AEI to waive service and encourages AEI to do so under Rule 4(d). If AEI fails to waive, the court grants Julin until December 31, 2014 to effectuate proper service on AEI.

Finally, the case docket indicates that Julin has not yet served defendant Jeffery Alan

---

[4] Julin labels Crowe's affidavit as "unreliable hearsay," but does not contend that the statements concerning Crowe's relationship with AEI, or lack thereof, are untrue.

Binkert, whom Julin characterizes as an "indispensable party to this action." (Am. Compl. ¶ 5.) Although the 120-day window for service does not run until December 31, 2014, the court encourages Julin to serve Binkert without delay so that her case may proceed.

CONCLUSION

For the reasons explained above, the court grants AEFC's motion to dismiss pursuant to Rule 12(b)(6) [34] and AEI's motion to dismiss pursuant to Rule 12(b)(5) [34]. AEFC is dismissed as a defendant from this case. The court grants Julin's motion, embedded in her response [36-1], to extend the deadline for service on AEI until 12/31/2014. The court encourages Julin to request AEI to waive service, and to serve all of the other named defendants promptly. The case is set for a report on status at 9:00 a.m. on 1/13/2015 in Courtroom 1801.

ENTER:

_James F. Holderman_
JAMES F. HOLDERMAN
District Judge, United States District Court

Date: November 4, 2014