IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LISA JULIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ADVANCED EQUITIES, INC., | ) No. 13 C 9075 |
| ADVANCED EQUITIES FINANCIAL | ) |
| CORPORATION, JEFFERY ALAN | ) |
| BINKERT, and DOES 1-15, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

On November 4, 2014, the court granted (Dkt. No. 39) the motion to dismiss (Dkt. No. 34) filed by defendants Advanced Equities, Inc. ("AEI") and its parent company Advanced Equities Financial Corporation ("AEFC"). The court dismissed plaintiff Lisa Julin's ("Julin") 13 "causes of action" against AEFC, all of which arose out of her employment by AEI, because Julin failed to allege facts sufficient to show that she was ever employed by AEFC and failed to allege facts sufficient to show that AEFC forfeited its limited liability with respect to AEI. (Dkt. No. 39 at 5-8.) The court also dismissed Julin's 13 "causes of action" against AEI, the entity the pled facts showed was her employer, for insufficient service of process. (*Id.* at 9-11.) But the court, in an exercise of discretion, extended the deadline for Julin to serve AEI to December 31, 2014. (*Id.* at 10-11.) On December 2, 2014, Julin filed a motion to reconsider the court's order pursuant to Federal Rule of Civil Procedure 59, (Dkt. No. 40), which is now before the court. For the reasons explained below, Julin's motion for reconsideration (Dkt. No. 40) is denied.

## ANALYSIS

Motions to reconsider "serve the limited function of correcting manifest errors of law or fact or presenting newly discovered evidence." *Caisse Nationale de Credit Agricole* v. *CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). The problems justifying a motion for reconsideration "rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee* v. *Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). A party should not use a motion to reconsider to set forth arguments "that could and should have been made before the district court rendered a judgment." *County of McHenry* v. *Ins. Co. of the W.*, 438 F.3d 813, 819 (7th Cir. 2006) (quoting *LB Credit Corp.* v. *Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)). Furthermore, a motion to reconsider is not the appropriate forum for "rehashing previously rejected arguments." *Caisse Nationale*, 90 F.3d at 1269. A district judge may reconsider a previous ruling only if there is "a compelling reason," such as a change or clarification of law that renders the prior ruling erroneous. *Santamarina* v. *Sears, Roebuck & Co.*, 466 F.3d 570, 571 (7th Cir. 2006).

Julin's motion asserts the following four grounds for reconsideration: (1) "[t]he [c]ourt failed to convert the motion to dismiss to a motion for summary judgment as required by law"; (2) the "failure led to an [sic] misapplication of the facts to the law and failure to use the correct legal standard"; (3) the "[c]ourt failed to apply facts regarding the employment agreement attached by [AEFC and AEI] to their Motion to Dismiss, as requested by [Julin] to the issue to [sic] single entity employment and such application creates a genuine issue of material fact"; and (4) the "[c]ourt misapplied the legal standard for determining who an employer is under the Illinois Wage Payment and Collection Act (IWPCA)." (Dkt. No. 40 at 1.)

Julin's first argument—and probably her second, but more on that later—concerns the

court's allegedly improper reliance on Julin's employment agreement with AEI, which AEI and AEFC attached to their motion to dismiss. (*See* Dkt. No. 35-3.) Julin contends that the court "utilized" her employment agreement in deciding the motion to dismiss and was thus obligated to treat the motion as one for summary judgment (which the court did not do).

As a threshold matter, the court did not rely on the employment agreement in rejecting Julin's argument that AEFC was her "ultimate employer." The court concluded that the allegations contained in Julin's amended complaint—that she accepted an offer of employment from AEI, received her compensation from AEI, complained of her harassment and discrimination to the principals of AEI, and was laid off by AEI—unambiguously alleged that AEI, not AEFC, was Julin's employer. (Dkt. No. 39 at 6.) Julin, by contrast, *did* rely on the employment agreement, which the court found odd since she argued then, as she does now, that the agreement could not be considered. (*Id.*) Undeterred by her incongruous positions, Julin asserted that a provision in the employment agreement requiring her to abide by the policies and procedures of both AEI and AEFC was sufficient to establish that AEFC, not AEI, was her real employer. The court disagreed, finding that a single mention of AEFC in Julin's employment agreement was insufficient to overcome her amended complaint's numerous statements that AEI, not AEFC, was her employer. (*Id.*)

Even if the court had relied on Julin's employment agreement, it was not necessary to convert defendants' motion to one for summary judgment. Julin's amended complaint referenced the employment agreement, (Dkt. No. 26 ¶¶ 100-102, 134, 140), the employment agreement was (and remains) central to a number of Julin's claims, and Julin did not question its accuracy. *See Hecker* v. *Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009) (holding district courts may exercise discretion in considering outside documents without converting a motion to dismiss into one for

summary judgment when documents are referenced by the complaint and central to the case).

Julin's second argument, that the court's failure to abide by Rule 12(d) caused the court to misapply facts and to adopt an incorrect legal standard, appears only in the introduction of Julin's motion. Julin omitted the argument from the body of her brief, depriving the court notice of the facts it misapplied and the legal standard it adopted incorrectly. The court consequently cannot address Julin's second basis for reconsideration in this order.

Julin's third basis for reconsideration is difficult to follow. She reverses course (again) and asks the court to rely on the employment agreement in analyzing her "single entity" theory of liability, which would require the court to pierce the corporate veil between AEFC and AEI. *See Worth* v. *Tyler*, 276 F.3d 249, 259-60 (7th Cir. 2001) (applying Illinois law for piercing the corporate veil).[1] Julin specifically argues that the employment agreement's mention of AEFC's policies satisfies the second prong of the veil piercing test, which requires "circumstances . . . such that adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice." *Worth,* 276 F.3d at 260.

Precisely how Julin believes the mention of AEFC's policies supports her argument concerning injustice is not entirely clear. She made a similar contention in her response brief, (Dkt. No. 36-1 at 14), and believes that the court did not give her argument full consideration in ruling on the motion to dismiss. The court disagrees, but will nonetheless address Julin's renewed argument below. Julin first argues that because she was bound by the agreement to follow AEFC's policies, allowing AEFC to "shirk" liability is an injustice. (Dkt. No. 40.) The purpose of the parent-subsidiary structure, however, is to limit the parent's liability. And the court may not disrupt that chosen corporate structure unless failing to do so would sanction a

---

[1] The court addressed the choice of law question in its memorandum opinion and order, (Dkt. No. 39 at 7 n.3), and Julin apparently agrees that Illinois substantive law applies.

fraud or promote injustice. *Worth,* 276 F.3d at 260. Julin has, to date, failed to identify any reason why limiting her action to AEI—her actual employer—would sanction a fraud of promote injustice. The court speculated earlier that Julin fears AEI will not be able to pay her judgment should she win. (Dkt. No. 39 at 8.) Judgment recovery alone, however, is not reason enough to pierce the corporate veil. (*Id.* (citations omitted).)

Julin's alternative argument is similarly unavailing. In their motion to dismiss, AEI and AEFC attached the employment agreement and stated that the agreement "makes no mention of AEFC." (Dkt. No. 35 at 20.) Defendants were mistaken. As Julin exhaustively explained in her response brief, her employment agreement with AEI mentions AEFC's policies, once, on page 7. (Dkt. No. 35-3 at 7.) Julin argues that allowing AEI and AEFC "to proceed on [the mistaken] logic" that AEFC never appears in the employment agreement "is an injustice or fraud the [c]ourt should not tolerate." (Dkt. No. 40.) Although the court obviously prefers that litigants' filings not contain misstatements, mistakes happen, and this one does not rise to the level of fraud or injustice. More to the point, defendants' misstatement does not give rise to a situation where the court's refusal to pierce the corporate veil between AEI and AEFC sanctions a fraud or promotes injustice, which is the standard under Illinois law.

Julin's fourth and final basis for reconsideration is that the court applied the wrong legal standard in dismissing Julin's IWPCA claim against AEFC, which Julin pled as her fifth "cause of action." She argues that the IWPCA provides a statutory definition of an "employer" that supersedes Illinois common law concerning parent liability. The court erred, according to Julin, when it dismissed the IWPCA claim (along with her other claims) because she failed to plead facts establishing (i) an employment relationship with AEFC or (ii) a basis to pierce the corporate veil between AEFC and AEI. The single case Julin provides, *Landers-Scelfo* v. *Corp.*

*Office Sys., Inc.*, 827 N.E.2d 1051 (Ill. App. Ct. 2d 2005), does not necessarily support her assertion of a broader IWPCA standard, and AEFC most likely does not qualify as Julin's "employer" under the IWPCA. But the court need not reach the merits of Julin's argument because she waived it when she failed to raise it in response to defendants' motion to dismiss. Defendants, Julin, and the court all analyzed AEFC's parent liability under Illinois common law. If Julin believed that a separate standard applied under the IWPCA, she could have and should have raised the issue earlier. Her failure to do so operates as a waiver. *See, e.g.*, *Gen. Auto Serv. Station* v. *City of Chicago*, 526 F.3d 991, 1006 (7th Cir. 2008) ("Arguments that could have been made earlier but are instead raised for the first time in a Rule 59 motion are waived.").

The court finally notes that this case is not like *Parker* v. *Scheck Mechanical Corp.*, No. 13-3693, -- F.3d --, 2014 WL 6746591 (7th Cir. Dec. 1, 2014), an opinion the Seventh Circuit issued after the court granted AEFC's motion to dismiss. Although Julin filed her motion for reconsideration after the Seventh Circuit issued its decision in *Parker*, and has consequently waived any argument based on *Parker*, the court feels compelled to distinguish the two cases.

In *Parker*, the plaintiff filed a lawsuit against two related companies—Scheck Mechanical Corporation and Scheck Industrial Corporation—under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), and 42 U.S.C. § 1981. *Id.* at *1. The district court concluded that one defendant, Scheck Mechanical, was entitled to summary judgment because it never employed the plaintiff. The Seventh Circuit reversed, holding that the plaintiff had presented some evidence that the line between the two Scheck companies was blurred, which was enough to survive summary judgment on the issue of affiliate liability under Title VII. *Id.* at *5. The plaintiff in *Parker* presented evidence that the two Scheck companies shared the same registered agent, used each other's names interchangeably, and enjoyed access to each other's

personnel records. *Id.* at *4-6. That is not the case here. Julin asserts that that "AEFC and AEI are essentially the same entity as every action of AEI is and [sic] action of AEFC," (Dkt. No. 36-1 at 9), but she omits the facts necessary to support her conclusory allegation. The only fact Julin alleges in support of parent company liability is her allegation that certain officers of AEI also sat on AEFC's board of directors. (Dkt. No. 26 ¶¶ 8a-f.) As the court noted in its earlier opinion, such an arrangement is commonplace and, on its own, is not sufficient to pierce the corporate veil. (Dkt. No. 39 at 8 (citing *Hornsby* v. *Hornsby's Stores, Inc.*, 734 F Supp. 302, 308 (N.D. Ill. 1990) (Aspen, J.) (holding mere sharing of directors is not grounds to pierce the corporate veil))). Consequently, even in light of the Seventh Circuit's decision in *Parker*, Julin has not alleged facts sufficient to show that AEFC may be held liable for the acts of its subsidiary AEI. Moreover, unlike the district court's decision in *Parker*, the limitation on AEFC's liability does not leave Julin's lawsuit dead in the water. Her claims against AEI remain pending and ready to proceed once Julin undertakes an effort to complete service on AEI (and the other defendants).

## CONCLUSION

For the reasons explained above, plaintiff Lisa Julin's "motion to alter or amend judgment under Rule 59" [40] is denied. AEFC remains dismissed from this case. The court reminds Julin that the deadline for serving the remaining defendants is 12/31/14, and that no further extensions will be granted. The case remains set for a report on status at 9:00 a.m. on 1/13/15.

ENTER:

*James F. Holderman*
JAMES F. HOLDERMAN
District Judge, United States District Court

Date: December 5, 2014